1   Neville L. Johnson (SBN 66329)
    Douglas L. Johnson (SBN 209216)
2   James T. Ryan (SBN 210515)
    Jennifer Y. Ro (SBN 276111)
3   JOHNSON & JOHNSON LLP
    439 North Canon Drive, Suite 200
4   Beverly Hills, California 90210
    Telephone:  (310) 975-1080
5   Facsimile:   (310) 975-1095
    Email:      njohnson@jjllplaw.com
6               djohnson@jjllplaw.com
7               jryan@jjllplaw.com
                jro@jjllplaw.com
8
9   Attorneys for Defendant,
    ZOOMIN.TV
10
11                 UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA
12
13   JUKIN MEDIA, INC., a California          CASE NO.:15-CV-7158-GW-FFM
     corporation,
14
15          Plaintiff,                        **DEFENDANT ZOOMIN.TV'S NOTICE
                                              OF MOTION AND MOTION TO
16          v.                                DISMISS COMPLAINT PURSUANT
                                              TO FED. R. CIV. P. 12(b)(2), 12(b)(5)
17   ZOOMIN.TV, a Dutch company,              and 12(b)(6); MEMORANDUM OF
                                              POINTS AND AUTHORITIES IN
18          Defendant.                        SUPPORT THEREOF**
19
20                                            Hearing
                                              Date:        December 14, 2015
21                                            Time:        8:30 a.m.
                                              Location:    Courtroom 10
22
23                                            *[Notice of Motion and Motion to Dismiss
                                              Pursuant to Fed. R. Civ. Proc. 12(b)(2),
24                                            12(b)(5) and 12(b)(6); Declarations of Jan
                                              Riemens, Matt Slen and Jennifer Ro filed
25                                            concurrently herewith]*
26
27
28

_____
                  DEFENDANT'S MOTION TO DISMISS COMPLAINT

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at 8:30 a.m. on December 14, 2015 in Courtroom 10 of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, Defendant Zoomin.TV ("Defendant") will and hereby does move for an order dismissing Plaintiff Jukin Media, Inc.'s ("Plaintiff") Complaint for copyright infringement and unfair competition against Defendant.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that the Court lacks personal jurisdiction over Plaintiff.  This motion is also made pursuant to Federal Rule of Civil Procedure 12(b)(5) to quash service on Defendant, as Plaintiff did not properly serve Defendant.  This motion is also made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 10, 2015.

This motion shall be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Court's file, and any other oral and/or documentary evidence considered at or before the hearing on this motion.

DATED:  November 16, 2015                     JOHNSON & JOHNSON LLP

                                          By   /s/ Neville L. Johnson
                                               Neville L. Johnson
                                               Douglas L. Johnson
                                               James T. Ryan
                                               Jennifer Y. Ro
                                               Attorneys for Defendant,
                                               Zoomin.TV

## <u>TABLE OF CONTENTS</u>

**I. INTRODUCTION**........................................................................................1

**II. FACTUAL BACKGROUND** .....................................................................1

**III. THE COURT LACKS PERSONAL JURISDICTION OVER**

**DEFENDANT** ..............................................................................................2

    A. <u>Defendant Is Not Subject to General Jurisdiction</u>....................................3

    B. <u>Defendant is Not Subject to Specific Jurisdiction</u>...................................5

        1. <u>Plaintiff Cannot Make its Showing under the First Prong</u>..............5

        2. <u>Plaintiff Cannot Make its Showing Under the Second Prong</u> ........9

    C. <u>The Exercise of this Court's Jurisdiction Over Defendant Would Not</u>

    <u>Be Reasonable</u>…......................................................................................10

**IV. DEFENDANT HAS NOT BEEN SERVED**................................................12

**V. PLAINTIFF'S UNFAIR COMPETITION CLAIM MUST BE**

**DISMISSED** ................................................................................................13

    A. <u>Plaintiff's State Law Rights Are Equivalent to the Exclusive Rights of</u>

    <u>Copyright</u>…..............................................................................................14

    B. <u>The Subject Work Falls Within the Subject Matter of the Copyright</u>

    <u>Act</u>…........................................................................................................15

**VI. CONCLUSION**.........................................................................................15

### <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Altera Corp. v. Clear Logic, Inc.*

      424 F.3d 1079 (9th Cir.2005)........................................................ 14

*American Auto. Ass'n, Inc. v. Darba Enter., Inc.*

      2009 WL 1066506 (N.D.Cal. April 21, 2009)................................7

*Asahi Metal Indus. Co. v. Super. Ct.*

      480 U.S. 102 (1987) ....................................................................... 3

*Ballard v. Savage*

      65 F.3d 1495 (9th Cir. 1995)........................................................ 9

*Barquis v. Merchants Collection Assn*

      7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817 (1972)................ 14

*be2 LLC v. Ivanov*

      642 F.3d 555 (7th Cir. 2011)........................................................ 8

*Brayton Purcell LLP v. Recordon & Recordon*

      606 F.3d 1124 (9th Cir. 2010)...................................................... 6

*Brockmeyer v. May*

      383 F.3d 798 (9th Cir.2004)........................................................ 12

*Burger King Corp. v. Rudzewicz*

      471 U.S. 462 (1985) ................................................................5, 10

*Calder v. Jones*

      465 U.S. 783 (1984) ..................................................................... 6

*Core–Vent Corp. v. Nobel Indus. AB*

      11 F.3d 1482 (9th Cir.1993)........................................................ 5

*DFSB Kollective Co. v. Bourne*

      897 F. Supp. 2d 871 (N.D. Cal. 2012). ....................................... 9

*Doe v. Unocal Corp.*

248 F.3d 915 (9th Cir. 2001)...................................................................... 3, 5

*Fiore v. Walden*

688 F.3d 558 (9th Cir. 2012)........................................................................ 9

*Grosso v. Miramax Film Corp.*

383 F.3d 965 (9th Cir.2004)...................................................................... 14

*Helicopteros Nacionales de Colombia v. Hall*

466 U.S. 408 (1984) ............................................................................... 3, 4

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*

647 F.3d 1218 (9th Cir. 2012)..................................................................... 7

*Omeluk v. Langsten Slip & Batbyggeri A/S*

52 F.3d 267 (9th Cir. 1995).......................................................................... 3

*Pebble Beach Co. v. Caddy*

453 F.3d 1151 (9th Cir.2006)...................................................................... 5

*Perkins v. Benguet Consolidated Mining Co.*

342 U.S. 437 (1952) ................................................................................... 3

*Schwarzenegger v. Fred Martin Motor, Co.*

374 F.3d 797 (9th Cir. 2004)..........................................................3, 5, 6, 10

*Scott v. Breeland*

792 F.2d 925 (9th Cir. 1986)........................................................................ 3

*Shute v. Carnival Cruise Lines*

897 F.2d 377 (9th Cir. 1990)..................................................................... 3, 4

*SVC–Napa, L.P. v. Strategy Resort Fin ., Inc.*

2006 WL 2374718 (N.D.Cal. Aug.16, 2006)............................................. 12

*Summit Mach. Tool Mfg. v. Victor CNC Sys.*

7 F.3d 1434 (9th Cir.1993)..................................................................... 14, 15

*Walden v. Fiore*

134 S. Ct. 1115 (2014) ............................................................................... 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION TO DISMISS COMPLAINT

*World-Wide Volkswagen Corp. v. Woodsen*

> 444 U.S. 286 (1980) ...............................................................................10

*Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme*

> 433 F.3d 1199 (9th Cir. 2006).................................................................6

*Xerox Corp. v. Apple Computer, Inc.*

> 734 F.Supp. 1542 (N.D.Cal.1990) ........................................................15


**STATUTES**

17 U.S.C. § 102(a)(5) ..............................................................................15

17 U.S.C. § 106......................................................................................13

17 U.S.C. § 301(a) .................................................................................14

California Civil Code § 410.10................................................................3

Federal Rules of Civil Procedure 4........................................................12

Federal Rules of Civil Procedure 12(b)(2) .........................................1, 2

Federal Rules of Civil Procedure 12(b)(5) .......................................1, 12

Federal Rules of Civil Procedure 12(b)(6) .............................................1

DEFENDANT'S MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff Jukin Media, Inc. ("Plaintiff" or "Jukin") is attempting to sue Zoomin.TV ("Defendant" or "Zoomin.TV"), a Dutch company, over the use of short form video content on Zoomin.TV's website.

This Court lacks jurisdiction over Zoomin.TV because among other reasons, it does not conduct business in the United States, does not have an office anywhere in the United States and is not registered to do business anywhere in the United States.  Zoomin.TV has no U.S. based business operations and no U.S. employees.  Zoomin.TV also does not sell products or provide any services in the United States.  In addition, the website that Zoomin.TV operates is not an interactive website and is not directed to anyone in the United States.  Pursuant to Federal Rule of Civil Procedure 12(b)(2), this case should be dismissed in its entirety with prejudice or want of jurisdiction.

Zoomin.TV further moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5), on the grounds that service of process has not been properly effected on Zoomin.TV because Jukin did not serve an officer, a managing or general agent, or to any other agent authorized by appointment or by the law to receive service of process.  Furthermore, Jukin did not comply with the Hague Convention, to which the Netherlands is a party, or any other standard for international service.

Even if the Court does not dismiss Jukin's complaint on these grounds, the Court should dismiss Jukin's state-law unfair competition claim because it is preempted by U.S. Copyright law, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.  FACTUAL BACKGROUND

Zoomin.TV is a Dutch company with its principal place of business in the

Netherlands.  (Decl. of Jan Riemens ("Riemens Decl. ¶ 2)).  Zoomin.TV is a digital media company that (i) produces video content, (ii) provides advertising solutions, and (iii) exploits a Multi-Channel Network ("MCN") on third-party platforms. (Riemens Decl. ¶ 2).   Zoomin.TV offers its video content to publishers from around the world by partnering with companies such as Yahoo, Daily Motion and AOL, in order to assist in areas such as product, programming, funding, cross-promotion, partner management, digital rights management, monetization/sales, and or audience development in exchange for a percentage of the ad revenue from its channel.  (Riemens Decl. ¶ 2).  Zoomin.TV Netherlands, a subsidiary of Zoomin.TV, produces all of its online short form video content in collaboration with content providers from around the world.   (Riemens Decl. ¶ 2).  With over 100 editors in Amsterdam who guide over 1500 video reporters, Zoomin.TV creates mostly original video content and live broadcasts.   (Riemens Decl. ¶ 2). This content is created in a variety of video and TV formats contributing to a daily video feed of around 400 videos, in 19 different languages.  (Riemens Decl. ¶ 2). Zoomin.TV's library of short form video content currently consists of over 400,000 videos to which 100,000 new videos are added per year.  (Riemens Decl. ¶ 2).

All of Zoomin.TV's online media productions take place in Europe, and mostly in the Netherlands.  (Riemens Decl. ¶ 3).  Zoomin.TV does not engage in business activities in the U.S.  (Riemens Decl. ¶ 6).  It is not registered to do business in California, or in any other state in the U.S.  (Riemens Decl. ¶ 6). Zoomin.TV does not direct any advertising specifically toward U.S. residents. (Riemens Decl. ¶ 7).  It does not advertise in any publications that are directed primarily toward U.S. residents.  (Riemens Decl. ¶ 7).  None of Zoomin.TV's officers or directors reside in or are domiciled in the U.S.  (Riemens Decl. ¶ 8).

Zoomin.TV has no U.S.-based business operations, no U.S. employees, owns no U.S. property, and leases no U.S. property.  (Riemens Decl. ¶ 6).  Zoomin.TV

also does not sell products or provide any services in California or elsewhere in the United States.  (Riemens Decl. ¶ 6).

## III.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

Dismissal under Federal Rule of Civil Procedure 12(b)(2) is proper where the court lacks personal jurisdiction over a nonresident defendant.  Because California's "long arm" statute (Cal. Civ. Proc. Code § 410.10) "is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  A court may exercise jurisdiction only over a defendant who has "minimum contacts" with the forum state, such that the suit "does not offend traditional notions of fair play and substantial justice." *Asahi Metla Indus. Co. v. Super. Ct.*, 480 U.S. 102, 109 (1987).

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  To meet this burden, the plaintiff must make a prima facie showing that either (a) the defendant has "substantial, continuous and systematic" contacts with the forum sufficient to give rise to the cause of action before the court "as to subject the defendant to specific personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

With respect to personal jurisdiction, Jukin alleges that "Zoomin is doing business in the state of California, and the acts of infringement complained of in this Complaint took place in the state of California, were intended to cause harm within the state of California, and did cause harm within the state of California." Compl. ¶ 9.

### A.    Defendant Is Not Subject to General Jurisdiction

General jurisdiction exists only where the defendant's contacts with

3

California are "substantial . . . continuous and systematic." *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446 (1952).  "The level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984); *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (foreign corporations' lack of a place of business in the forum "is significant, and is not overcome by a few visits").  Factors to consider in determining whether contacts with the forum are substantial, continuous and systematic include the place of business, license to conduct business, maintenance of an office, presence of employees, use of bank accounts, and marketing or selling of products in the forum state.  *See Helicopteros Nacionales*, 466 U.S. at 415-418; *Shute*, 897 F.2d at 381.

Zoomin.TV is a foreign and nonresident entity that does not have "substantial, continuous and systematic" contacts with California and the United States.  Zoomin.TV is a Dutch company with its principal place of business in the Netherlands.  (Riemens Decl. ¶ 2).  Zoomin.TV is not registered or licensed to do business, and does not do business, in California or in the United States.  (Riemens Decl. ¶ 6).  Zoomin.TV does not solicit business in California, and does not market or advertise services to residents of California.  (Riemens Decl. ¶ 7).  Zoomin.TV does not lease or own any real property anywhere in the United States.  (Riemens Decl. ¶ 6).  Zoomin.TV does not have any employees in the United States. (Riemens Decl. ¶ 6).

Zoomin.TV's contacts with the United States are limited to supporting its MCN services which consist of making partnership deals with European subsidiaries and affiliates of U.S. based companies, such as AOL, YouTube and Yahoo.  (Riemens Decl. ¶¶ 14, 17).  Zoomin.TV offers these companies the use of

short form videos from its web gallery.  (Riemens Decl. ¶¶ 14, 17).   All contracts with any of these European affiliates and contacts are European contracts, subject to the laws of the European countries that these companies target.  (Riemens Decl. ¶¶ 14, 17).   Zoomin.TV has no control over these companies' uses of the videos obtained from Zoomin.TV subject to the European partnership deals.  (Riemens Decl. ¶¶ 14, 17).   Zoomin.TV's partnerships with any U.S. based company is not for the purpose of targeting any market or user in the U.S. (Riemens Decl. ¶¶ 14, 17).   Zoomin.TV does not "post" or publish videos on any website other than its own Zoomin.TV website based in the Netherlands, located at (http://zoomin.tv/), which is not an active consumer website.  (Riemens Decl. ¶ 9). Zoomin.TV's website is not direct to any California residents or U.S. residents in general.  It is directed to European residents.  (Riemens Decl. ¶ 4).

## B.  Defendant is Not Subject to Specific Jurisdiction

In analyzing whether specific jurisdiction exists over a nonresident defendant, the Ninth Circuit applies a three part test:

> (1)    The nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
> (2)    The claim must be one which arises out of or results from the defendant's forum-related activities.
> (3)    Exercise of jurisdiction must be reasonable.

*Doe*, 248 F.3d at 923; *Schwarzenegger*, 374 F.3d at 802.  The plaintiff bears the burden of satisfying the first two prongs of this test. *Id.*  If the plaintiff satisfies this burden, the burden shifts to the defendant to make a "compelling case" that the third prong—the exercise of jurisdiction is reasonable—is not met. *Burger King Corp.*, 471 U.S. 462, 476–78 (1985). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Pebble Beach Co. v. Caddy,* 453 F.3d 1151, 1155 (9th Cir.2006) (internal

citations and quotations omitted).  In addition, "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Core–Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1489 (9th Cir.1993) (internal citations and quotation marks omitted). "Litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Id.* (internal citations and quotations omitted).

> 1.  <u>Plaintiff Cannot Make its Showing under the First Prong</u>

The Ninth Circuit has set forth a detailed test for analyzing the first prong of the specific jurisdiction standard that it has termed the "effects" test.  This test, which is based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984) is applied in copyright cases.  *See, e.g., Schwarzenegger*, 374 F.3d at 802. To meet this test, a plaintiff must prove that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Yahoo! Inc. v. La Ligue Contra Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). Jukin cannot meet these elements here.

First, it cannot show that any of the actions cited in the complaint as infringement were the intentional acts of Zoomin.TV.  Zoomin.TV requests and acquires permission from original owners of user-generated short form videos that Zoomin.TV publishes on its own website.  (Riemens Decl. ¶ 10).  Zoomin.TV takes down and removes video content that is not permitted by the original content owners.  (Riemens Decl. ¶ 10).  Three of the thirty-four alleged infringing videos were never produced and/or published on Zoomin.TV's website and were never in Zoomin.TV's possession.  (Riemens Decl. ¶ 11).  At the time that Zoomin.TV published any of the other thirty-one alleged infringing videos on its website,

Zoomin.TV had no way of knowing and did not know that Jukin Media, Inc. purportedly submitted U.S. copyright registrations for the alleged infringing video content on or around the same date.  (Riemens Decl. ¶ 12).   Until Zoomin.TV discovered it was a party to the instant lawsuit, Zoomin.TV has never received notice of an alleged infringement, or even a takedown notice for any of the alleged infringing videos of which Jukin Media, Inc. claims it has rights.  (Riemens Decl. ¶ 10).  All but five of the alleged infringing videos are in foreign languages. (Riemens Decl. ¶ 13).  The five alleged infringing videos that are for English speakers were targeted for English speaking countries in Europe.  (Riemens Decl. ¶ 13).  Zoomin.TV has never used its videos to target anyone in the United States. (Riemens Decl. ¶ 13).  The alleged infringing videos were directed to a European audience.  (Riemens Decl. ¶ 13).

Second, Jukin cannot demonstrate that any of Zoomin.TV's activities were expressly aimed at California.  The Ninth Circuit has "struggled with the question of whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix Photo, Inc. v. Brand Tech., Inc.,* 647 F.3d 1218, 1229 (9th Cir. 2012). One rule, however, is clear: "A defendant has not purposefully availed himself of the privilege of conducting activities in a forum state merely because he operates a website which can be accessed there." *American Auto. Ass'n, Inc. v. Darba Enter., Inc.,* 2009 WL 1066506 *4 (N.D.Cal. April 21, 2009); *see also Mavrix Photo, Inc.,* 647 F.3d at 1229 (stating that "maintenance of a passive website alone cannot satisfy the express aiming prong"). On the other hand, "operating even a passive website in conjunction with something more'—conduct directly targeting the forum—is sufficient." *Id.* (internal citations omitted). "In determining whether a nonresident defendant has done something more,' [the Ninth Circuit has] considered several factors, including the interactivity of the defendant's website, the geographic scope

of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Id.* (internal citations omitted).

Here, Zoomin.TV does not "post" or publish videos on any website other than its own Zoomin.TV website based in the Netherlands, located at (http://zoomin.tv/), which is not an active consumer website. (Riemens Decl. ¶ 9). Zoomin.TV's website is not direct to any California residents or U.S. residents in general. It is directed to European residents. (Riemens Decl. ¶ 4). Despite the fact that Zoomin.TV's website can be accessed by users all over the world, Jukin cannot meet its burden of proving that it is anything more than a passive website because it is not interactive and does not target the forum state. See *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a highly interactive website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.").

Zoomin.TV does not sell any products or provide services in California. (Riemens Decl. ¶¶ 6, 14). Zoomin.TV's contacts with the United States are limited to supporting its MCN services which consist of making partnership deals with European subsidiaries and affiliates of U.S. based companies, such as AOL, YouTube and Yahoo. (Riemens Decl. ¶¶14, 17). Zoomin.TV offers these companies the use of short form videos from its web gallery. (Riemens Decl. ¶¶14, 17). All contracts with any of these European affiliates and contacts are European contracts, subject to the laws of the European countries that these companies target. (Riemens Decl. ¶¶14, 17). Zoomin.TV has no control over these companies' uses of the videos obtained from Zoomin.TV subject to the European partnership deals. (Riemens Decl. ¶¶14, 17).

Third, none of the alleged harm in Jukin's complaint is the result of any act of Zoomin.TV. Zoomin.TV published alleged videos prior to the time that Jukin

DEFENDANT'S MOTION TO DISMISS COMPLAINT

first submitted U.S. copyright registrations for the same videos.  (Riemens Decl. ¶ 12).  None of Zoomin.TV's videos were directed to a U.S. audience as evidenced by the fact that twenty-nine of the thirty-four alleged infringing videos were never released by Zoomin.TV to third party company publishers with a U.S. corporate presence and most were in a foreign language.  (Riemens Decl. ¶ 13).  Five of the alleged videos that contain usage of the English language were meant for English speaking European countries.  (Riemens Decl. ¶ 13).  It is unclear how Zoomin.TV's website, operating abroad, directed at users abroad, could be said to be causing any "harm" in California.  Because mere injury to a forum resident alone is not a sufficient connection to the forum, and Jukin cannot demonstrate that Zoomin.TV's website or any other contacts with California or U.S. residents was expressly aimed for purposes of personal jurisdiction, Plaintiff will fail to meet the sufficiency of this requirement.  *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum; courts analyzing personal jurisdiction must engage in a "forum-focused" inquiry.")  While the location of U.S. based companies, like AOL or YouTube may be relevant for lawsuits directly involving the companies, that the headquarters of company is located in California, does not establish that Defendant expressly aimed infringing activities at the California market.  See *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012).

Jukin has failed to establish any element of the "effects" test.  As a result, Jukin cannot establish that this Court has specific personal jurisdiction over Zoomin.TV.

        2.     <u>Plaintiff Cannot Make its Showing Under the Second Prong</u>

The Ninth Circuit has adopted a "but for" test to guide analysis under the second prong of the test for specific personal jurisdiction.  *See, e.g., Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).  This test requires a court to ask "but

for [defendant's] contacts with the United States and California, would [plaintiff's] claims against the [defendant] have arisen?" *Id.*

Here, Zoomin.TV's contacts with the United States are limited to supporting its MCN services which consist of making partnership deals with European subsidiaries and European affiliates of U.S. based companies, such as AOL, YouTube and Yahoo. (Riemens Decl. ¶¶14, 17). Zoomin.TV offers these companies the use of short form videos from its web gallery. (Riemens Decl. ¶¶14, 17). All contracts with any of these European affiliates and contacts are European contracts, subject to the laws of the European countries that these companies target. Zoomin.TV has no control over these companies' uses of the videos obtained from Zoomin.TV subject to the European partnership deals. (Riemens Decl. ¶¶14, 17). Zoomin.TV's partnerships with any U.S. based company is not for the purpose of targeting any market or user in the U.S. (Riemens Decl. ¶¶14, 17). Even if Zoomin.TV had not made such contacts, the claims in the complaint would remain the same—Jukin would still register for U.S. copyrights to short form video content that Zoomin.TV would have already sought permission for use and published on its website.

## C.    The Exercise of this Court's Jurisdiction over Defendant Would Not Be Reasonable

Both general personal jurisdiction and specific personal jurisdiction require that the assertion of a court's authority over the defendant be reasonable. *See, e.g. Burger King*, 471 U.S. at 474 (for general personal jurisdiction, "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.") (citing *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 295(1980)); *Schwarzenegger*, 374 F.3d 802 (for specific personal jurisdiction, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.")

In evaluating reasonableness, courts must consider seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendants of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiffs' interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Fiore v. Walden*, 688 F.3d 558, 582–83 (9th Cir. 2012).  A court should weigh all seven factors, as no single factor is dispositive.

Although all of the factors weigh against the exercise of personal jurisdiction, or at best for Jukin, are neutral, the first three factors weigh particularly heavily against the exercise of personal jurisdiction over Zoomin.TV.  As demonstrated previously, Zoomin.TV has not purposefully injected itself into California specifically or the United States in general.  (Riemens Decl. ¶¶ 2-17).  Moreover, litigating this action in the United States would pose a great burden to Zoomin.TV, as the majority, if not all of the individuals who have information or knowledge related to the allegations of the complaint reside in the Netherlands and who either do not speak English or do not speak English as a first language.  (Riemens Decl. ¶ 17).  Additionally, as a Dutch company subject to Dutch law, should this Court enter injunctive relief, Zoomin.TV may find itself facing an impossible choice of complying with its obligations under Dutch law, or complying with an inconsistent United States-issued injunction.  (Riemens Decl. ¶ 17).

Other factors also weigh against the reasonableness of litigation in this forum.   For instance, under the seventh factor, there is an alternative forum for Jukin: Dutch courts.  The Netherlands have long provided international protections for copyrights—for example, the Netherlands has been a signatory to the Berne Convention for the Protection of Literary and Artistic Works since October 9, 1912. See Ro Decl. ¶¶ 5,6 , Ex. B & C ("WIPO-Administered Treaties: Contracting

Parties > Berne Convention" & "Berne Notification No. 60: Berne Convention for the Protection of Literary and Artistic Words—Ratification by the Kingdom of the Netherlands of the Paris Act (1971) (with the exception of Articles 1 to 21 and the Appendix)").  Similarly, the Netherlands is a member of the World Trade Organization and provides intellectual property protection, including copyright protection, pursuant to that organization's TRIP Agreement.  Ro Decl. ¶ 7. The availability of Dutch courts as an alternative forum is further enhanced by the ease of enforcement of any judgment against Zoomin.TV—as a Dutch company with its principal place of business in the Hague, Zoomin.TV is subject to Dutch law, and Dutch judgments are easy to enforce against it.  However, there is no treaty between the Netherlands and the United States that would provide for the enforcements of a judgment of this Court by a Dutch court.

It is unreasonable to allow Jukin to force a foreign company that has never done business in California and who has minimal business contacts with the United States as a whole, to defend this case in this forum.  The Court should recognize this fact and decline to exercise personal jurisdiction over Zoomin.TV.

## IV.   DEFENDANT HAS NOT BEEN SERVED

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move to dismiss the complaint for insufficient service of process. Fed.R.Civ.P. 12(b)(5). Once a party challenges service, the plaintiff bears the burden to show that service was valid under Rule 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004).

Federal Rule of Civil Procedure 4 provides three ways to effectuate service on a foreign corporation, partnership or other unincorporated association. Fed.R.Civ.P. 4. Service can be effective pursuant to "(1) the law of the state where the district court is located or of the state where service is effected, see Fed.R.Civ.P. 4(e)(1); (2) by delivering a copy of the summons and complaint in a judicial district of the United States to 'an officer, a managing or general agent, or to any other

DEFENDANT'S MOTION TO DISMISS COMPLAINT

agent authorized by appointment or by the law to receive service of process[.]' Fed.R.Civ.P. 4(h)(1); or (3) an internationally agreed method for effective service such as the Hague Convention. *See id.* at 4(f)(1)." *SVC–Napa, L.P. v. Strategy Resort Fin ., Inc.*, 2006 WL 2374718, *1 (N.D.Cal. Aug.16, 2006).

Jukin did not serve Zoomin.TV, a Dutch corporation that is not registered to do business in California. Jukin did not serve a general manager of Zoomin.TV so authorized to receive service of process. Jukin left a copy of summons and complaint with a general receptionist of a general office building in Los Angeles, California, where a free lance consultant working with Zoomin.TV leases office space. (Decl. of Matt Slan ("Slan Decl.") ¶ 5.) The consultant's services were procured on a performance basis pursuant to a nine month contract with Zoomin.TV for the limited and specific role of researching and advising Zoomin.TV on the analytics of potential market opportunities and applicability of Zoomin.TV's MCN services in North America. (Slan Decl. ¶ 3). The receptionist, shared among other tenants also located in the building called the freelance consultant to inform him that there was a bundle of papers for Zoomin.TV at the reception desk. (Slan Decl. ¶ 5). The consultant discovered that the contents of the papers were a summons and complaint relating to Zoomin.TV. (Slan Decl. ¶ 5). The consultant notified Zoomin.TV by emailing a copy of the papers and mailing the papers to Zoomin.TV in the Netherlands. (Slan Decl. ¶ 6).

Additionally, Jukin did not comply with the Hague Convention, to which the Netherlands is a party, or any other standard for international service. Because service was not properly effected, it should be quashed.

## V.   PLAINTIFF'S UNFAIR COMPETITION CLAIM MUST BE DISMISSED

Jukin's state law unfair competition claim must be dismissed because it is preempted by U.S. copyright law.

DEFENDANT'S MOTION TO DISMISS COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Copyright Act protects the right to reproduce, distribute, and display copyrighted materials, as well as the right to prepare derivative works based on the copyrighted material. 17 U.S.C. § 106. The Act preempts state law with regard to "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106...." 17 U.S.C. § 301(a). State law claims are preempted when (1) the work at issue comes within the subject matter of copyright, and (2) the state law rights are equivalent to the exclusive rights of copyright. *Grosso v. Miramax Film Corp.,* 383 F.3d 965, 968 (9th Cir.2004). To survive preemption, the state law claim must include an "extra element" that makes the right asserted qualitatively different from those protected by the copyright act. *Altera Corp. v. Clear Logic, Inc.,* 424 F.3d 1079, 1089 (9th Cir.2005) (citing *Summit Mach. Tool Mfg. v. Victor CNC Sys.,* 7 F.3d 1434, 1439–40 (9th Cir.1993)).

Unfair competition law in California prohibits any "unlawful, unfair or fraudulent business practice." *Barquis v. Merchants Collection Assn.,* 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817 (1972); *see* 11 Witkin, § 95 at 774–81 (1990).

## A. Plaintiff's state law rights are equivalent to the exclusive rights of copyright

Because Jukin's unfair competition claim is based solely on rights equivalent to those protected by federal copyright laws, the first prong of the preemption test is met. Jukin's complaint expressly bases its unfair competition claim on rights granted by the Copyright Act. Jukin's unfair competition claim incorporates by reference paragraphs from the copyright infringement claim. Compl. ¶ 139. Jukin's complaint alleges that Zoomin.TV "has engaged in unfair competition by intentionally tracking Jukin's video posting behaviors and copying its videos shortly after they are published, at the time when they are most likely to be monetized, and with the same or similar target audience as Jukin with the intent to

DEFENDANT'S MOTION TO DISMISS COMPLAINT

directly affect Jukin's business and siphon viewers to Defendant's digital properties." Compl. ¶ 141.  The only other paragraph of consequence under Jukin's unfair competition claim alleges that "Defendant has engaged in unfair competition by utilizing unfair, deceptive, and fraudulent business practices in its direction of or acquiescence to routinely posting infringing content on the Internet and potentially other means of Defendant's digital distribution." Compl. ¶ 140.

### B. The Subject Work Falls Within the Subject Matter of the Copyright Act

Jukin seeks to protect video postings on its website.  These alleged video postings are "audiovisual works" that can be copyrighted. 17 U.S.C. § 102(a)(5).  Thus, the subject works that Jukin seeks to protect are clearly works that fall within the "subject matter" of the Copyright Act.

Jukin fails to clearly allege how its state law unfair competition claim is "qualitatively different from [its] copyright . . . claim," as required for the unfair competition claim to survive a copyright infringement challenge.  *See Summit Mach. Tools Mfg. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1429 (9th Cir. 1993).  Because Plaintiff fails to demonstrate both prongs of the preemption, Plaintiff's state law claim for unfair competition is preempted.  *See* 1 Nimmer, § 1.01[B][1][e] at 1–24, n. 110 (stating that if B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim and is preempted); *see also Xerox Corp. v. Apple Computer, Inc.,* 734 F.Supp. 1542, 1550–51 (N.D.Cal.1990).

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S MOTION TO DISMISS COMPLAINT

Because Jukin expressly relies on its copyright infringement allegations as the foundation to support its state-law claim, Jukin's unfair competition claim must be dismissed with prejudice.

## VI.   CONCLUSION

For the foregoing reasons, Zoomin.TV respectfully requests that this Court dismiss Jukin's suit in its entirety and with prejudice and quash service.

DATED:  November 16, 2015                    JOHNSON & JOHNSON LLP

                                        By   /s/ Neville L. Johnson
                                             Neville L. Johnson
                                             Douglas L. Johnson
                                             James T. Ryan
                                             Jennifer Y. Ro
                                             Attorneys for Defendant,
                                             Zoomin.TV

DEFENDANT'S MOTION TO DISMISS COMPLAINT