# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-7158-GW(FFMx) | Date | December 21, 2015 |
|---|---|---|---|
| Title | *Jukin Media, Inc. v. Zoomin.TV* | | |

Present: The Honorable    GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Douglas C. Emhoff | Neville J. Johnson |
| Tamany Vinson Bentz | Jennifer Y. Ro |

**PROCEEDINGS:**      **DEFENDANT ZOOMIN.TV'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(5) and 12(b)(6) [12]**

The Court's Tentative Ruling is circulated and attached hereto.  Court hears oral argument.  For reasons stated on the record, Defendant Zoomin's motion is continued to January 28, 2016 at 8:30 a.m.  Parties will file a status report by January 26, 2016.

|  |  | : | 08 |
|---|---|---|---|
|  | Initials of Preparer | JG | |

_Jukin Media, Inc. v. Zoomin.TV_, Case No. CV-15-7158-GW (FFM)
Tentative Ruling on Motion to Dismiss

## I. Background

Jukin Media, Inc. ("Plaintiff") brings this action against Zoomin.TV ("Defendant") for (1) copyright infringement and (2) unfair competition in violation of California Business & Professions Code § 17200 _et seq._ _See_ Compl., Docket No. 1.

Plaintiff is a digital media company headquartered in Los Angeles, California with an internet-based video library of over 17,000 pieces of original user-generated content. _Id._ ¶ 1. Plaintiff has eleven full-time employees who are responsible for identifying new content that is likely to be popular, finding the owner of the content, and acquiring or licensing the content on an exclusive basis. _Id._ ¶¶ 1, 11. Plaintiff then uses the content to bring in advertising revenue; licenses it to other distribution channels; and broadcasts it on Plaintiff's own website, Plaintiff's Youtube channel, and partner websites. _Id._ ¶¶ 1-2, 11-12.

Defendant is a Dutch company. _Id._ ¶ 6. Defendant operates a website (www.Zoomin.tv) that displays videos uploaded by Defendant's staff. _Id._ ¶ 7. Plaintiff alleges that Defendant also publishes videos on various other websites, including AOL.com, MyVideo.de, Blinkx.com, DailyMotion.com, Yahoo.com, Bild.de, MSN.com/de-de, DelealPlay.es, Tu.tv, and YouTube.com. _Id._ Plaintiff alleges that at least thirty-four videos posted by Defendant belong to Plaintiff; Plaintiff has filed copyright registration applications for the videos and is awaiting issuance of the registrations. _Id._ ¶¶ 17-18, 21-122. Plaintiff further alleges that Defendant has visited Plaintiff's Los Angeles headquarters and admitted that it infringed Plaintiff's content. _Id._ ¶ 17. In addition, Plaintiff alleges that, despite notice of Plaintiff's rights in certain content, Defendant continues to infringe on Plaintiff's rights by publishing Plaintiff's content without permission or a license to do so. _Id._ ¶¶ 4, 123-25.

Plaintiff requests: (1) damages or statutory damages, (2) preliminary and permanent injunctive relief, (3) prejudgment interest, (4) reasonable attorneys' fees and costs, and (5) such other and further relief as the Court deems just and proper. _Id._ at 30:18-31:7.

Now pending before the Court is Defendant's Motion to Dismiss. _See_ Mot. to Dismiss ("MTD"), Docket No. 12. Defendant brings the Motion pursuant to Federal Rule of Civil Procedure 12(b)(5) to quash service, Rule 12(b)(2) for lack of personal jurisdiction, and Rule

12(b)(6) for failure to state a claim. *See id.* Plaintiff has filed an Opposition, *see* Opp'n, Docket No. 17, and Defendant has filed a Reply, *see* Reply, Docket No. 18.

## II. Legal Standards

### A. *Rule 12(b)(5): Service of Process*

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l Ltd v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Insufficient service can result in dismissal under Federal Rule of Civil Procedure 12(b)(5). *See* Fed. R. Civ. Proc. 12(b)(5). To determine whether service of process is proper, courts look to the requirements of Federal Rule of Civil Procedure 4. Where a defendant challenges the method of service of process under Rule 12(b)(5), the plaintiff bears the burden of establishing that service was valid under Rule 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

### B. *Rule 12(b)(2): Personal Jurisdiction*

"In personam jurisdiction, simply stated, is the power of a court to enter judgment against a person." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). In filing a complaint, the plaintiff bears the burden of establishing the court's personal jurisdiction over a defendant. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The defendant may move to dismiss the case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *See Doe*, 248 F.3d at 922 (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)); *see also Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2002). Where not directly controverted, the plaintiff's version of the facts is taken as true, and any conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *See Doe*, 248 F.3d at 922. However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *See id.* California permits "[a] court of [the] state [to] exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Accordingly, due process

requirements are satisfied when personal jurisdiction is asserted over a nonresident defendant that has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations and quotations omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, n.9 (1984). General personal jurisdiction exists where a nonresident defendant's affiliations with the forum state are so "continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A., et al. v. Brown*, __ U.S. __, 131 S.Ct. 2846, 2851 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 317); *see also Daimler AG v. Bauman*, __ U.S. __, 134 S.Ct. 746, 749 (2014). Where general jurisdiction does not exist, the Ninth Circuit has established a three-factor test to determine whether the exercise of specific jurisdiction is appropriate:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

### C. Rule 12(b)(6): Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). A court may grant such a dismissal only where the pleading party fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When considering a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of*

3

*reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a plaintiff facing a 12(b)(6) motion has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the motion should be denied. *Id.*; *Sylvia Landfield Trust v. City of Los Angeles*, 729 F.3d 1189, 1191 (9th Cir. 2013). But if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alteration marks and citation omitted).

## III. Analysis

### A. Service of Process

Defendant is a Dutch corporation with its principal place of business in the Netherlands, a party to the Hague Convention. *See* Decl. of Jan Riemens ("Riemens Decl.") ¶ 2, Docket No. 12-2. Federal Rule of Civil Procedure 4(h) provides that a domestic or foreign corporation, or a partnership or other unincorporated association, generally must be served:

> (1) in a judicial district of the United States:
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. Proc. 4(h). Rule 4(f) requires that service outside of the United States be effectuated "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *See* Fed. R. Civ. Proc. 4(f)(1). However, "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," service may be effectuated "by a method that is reasonably calculated to give notice." *See* Fed. R. Civ. Proc. 4(f)(2). Service may also be effectuated "by other means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. Proc. 4(f)(3).

Defendant contends that service should be quashed because Plaintiff served Defendant through the purported service of process on Matt Slan[1] – a freelance consultant working in leased office space in a general office building in Los Angeles, California – for whom a copy of the Summons and Complaint was left with the building's general receptionist. *See* Mot. at 13:9-17; *see also* Decl. of Matt Slan ("Slan Decl.") ¶¶ 3, 5, Docket No. 12-3. After the receptionist received the documents, she called Slan to inform him that there was a bundle of papers for Defendant at the reception desk. *See* Slan Decl. ¶ 5. Slan did not communicate or sign any documents for the receipt of the papers. *Id.* After discovering that the papers included a Summons and Complaint, Slan e-mailed a copy of the papers to Defendant and mailed the papers to Defendant in the Netherlands. *Id.* ¶ 6. Defendant argues that neither Slan nor the receptionist is an agent authorized to receive service of process on its behalf and that Plaintiff's purported service is thus invalid.

Given Slan's title, *see supra* note 1, and demonstrated ability to know what to do with the Summons and Complaint, the Court would find service of process on Slan could possibly be sufficient under Rule 4. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'") (quoting *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977); *Insurance Co. of N. Am. v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 547 (S.D.N.Y. 1980)). Plaintiff, however, bears the burden of demonstrating that it in fact effectuated service on Slan.

Plaintiff contends that Defendant, as "[t]he party alleging improper service of process[,]"

---

[1] Slan has been given the title of Vice President of Sales and Business Development for Defendant, but performs his duties pursuant to a nine-month contract and with the limited role of conducting research for Defendant on potential opportunities for Defendant's Multi-Channel Network ("MCN") services in North America. *See* Slan Decl. ¶ 3.

5

bears a 'substantial' burden to prove [it] is entitled to relief."[2] *See* Reply at 15:7-11. Plaintiff argues that Slan's testimony, which contradicts the signed proof of service indicating that the process server personally served Slan with the Summons and Complaint, "does not rise to the level of 'strong and convincing evidence' necessary to rebut the presumption of valid service." *See id.* at 15:12-24; *see also S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."). The Court finds that Slan's declaration convincingly demonstrates that the process server did not personally serve Slan; the declaration clearly and believably describes the circumstances under which Slan received the Summons and Complaint and generally aligns with scenario set forth in the process-serving company's notes.[3] Accordingly, the Court would dismiss this action for insufficient service of process.

### B. Personal Jurisdiction

Plaintiff alleges that the Court has personal jurisdiction over Defendant because Defendant "is doing business in the state of California, and the acts of infringement complained of in this Complaint took place in the state of California, and did cause harm within the state of California." Compl. ¶ 9. In its Opposition, Plaintiff only contends that the Court may exercise specific personal jurisdiction over Defendant. *See* Opp'n at 5:19-20. Accordingly, the Court does not discuss whether the exercise of general jurisdiction over Defendant would be appropriate.

Specific jurisdiction exists when: (1) a nonresident defendant purposefully directs his activities to the forum or performs some act by which he purposefully avails himself of benefits and protections of its laws, (2) the claim is one which arises out of or relates to the defendant's

---

[2] To the extent Plaintiff suggests that Defendant bears the burden to establish improper service in the context of this motion to dismiss, the Court would disagree. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). A defendant would, however, bear the burden of proving that service did not occur where the defendant is "moving to vacate a default judgment based on improper service of process [and] had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment." *Id.*

[3] Plaintiff's counsel, Tammy Vinson Bentz ("Bentz"), has provided an e-mail originally sent from ProLegal Customer Service to Bentz's assistant, who forwarded the e-mail to Bentz on September 30, 2015. *See* Bentz Decl. ¶ 12, Ex. I, Docket No. 17-1. The e-mail includes notes regarding the alleged service of process on Slan that concludes with the following: "I spoke to the security guard downstairs and learned that the receptionist for that office usually arrives at about 9am." *Id.* Following a paragraph break, the email continues in what seems to be a voice other than that of the process server: "We served Matt Slan at 9:35 AM. The server had a photo of him and the person served matched the photo." *Id.* This portion of the evidence appears to present hearsay issues and is somewhat ambiguous. For instance, the phrase "the person served matched the photo" could mean that the receptionist, who was served, confirmed that Slan was the man in the photo.

forum-related activities, and (3) the exercise of jurisdiction would be reasonable. *See Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs, *see Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990), but the burden then shifts to the defendant to a make a "compelling case" that the exercise of jurisdiction would not be reasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476-78 (1985). In addition, "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1489 (9th Cir. 1993).

With respect to the first prong, the Court applies a purposeful direction analysis to Plaintiff's copyright infringement action. *See Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124, 1128 (9th Cir. 2010). The Ninth Circuit evaluates purposeful direction using the three-part *Calder* "effects" test. *See id.* (citing *Calder v. Jones,* 465 U.S. 783 (1984)). "Under this test, 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

1. Intentional Act

First, the Court addresses whether Defendant committed an intentional act by reposting the allegedly infringing video content on its website. "'Intentional act' has a specialized meaning in the context of the *Calder* effects test." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 673 (9th Cir. 2012) (quoting *Schwarzenegger,* 374 F.3d at 806)). The "intentional act" prong of the *Calder* test is not to be confused with the allegation that a defendant acted willfully. *Id.* Rather, "an intentional act is an external manifestation of the actor's intent to perform an actual, physical act in the real world, not including any of its actual or intended results." *Id.* Defendant appears to concede that it published at least some of the thirty-four alleged infringing videos on its website.[4] *See* Riemens Decl. ¶¶ 11-13. Accordingly, Defendant has committed an intentional act within the meaning of the *Calder* test. *See Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1229 (9th Cir. 2011) (concluding that "[t]here [wa]s no

---

[4] Riemen's declaration also states that several of the videos were never published by Defendant, many of the videos were produced in foreign languages and directed at Defendant's European audience, and that "[a]t the time that [Defendant] published any of the alleged infringing videos on its website, [Defendant] had no way of knowing and did not know that [Plaintiff] purportedly submitted U.S. copyright registrations of the alleged infringing video content on or around the same time." *See* Riemens Decl. ¶¶ 11-13.

question that [the defendant] acted intentionally [by] reposting . . . allegedly infringing photos" after the plaintiff registered its copyright in the photos and posted them on its website).

## 2. Expressly Aimed

Second, the Court must determine whether Defendant's conduct was expressly aimed at the state of California. "In prior cases, [the Ninth Circuit] ha[s] struggled with the question [of] whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix Photo, Inc.*, 647 F.3d at 1229 (collecting cases). "On the one hand, [it has] made clear that 'maintenance of a passive website alone cannot satisfy the express aiming prong.'" *Id.* (quoting *Brayton Purcell*, 606 F.3d at 1129). "On the other, [it has] held that 'operating even a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient." *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)). The Ninth Circuit has considered several factors in determining whether a nonresident defendant has done "something more," including the "interactivity of the defendant's website," the "geographic scope of the defendant's commercial ambitions," and "whether the defendant 'individually targeted' a plaintiff known to be a forum resident." *Id.* (citations omitted).

Here, the bulk of the evidence before the Court indicates that Defendant's conduct was not expressly aimed at the state of California. Defendant is a Dutch corporation with its principal place of business in the Netherlands. *See* Riemens Decl. ¶ 2. Defendant is not registered to do business, and does not do business, in California or in the United States. *Id.* ¶ 6. Defendant does not solicit business in the California or the United States and does not market or advertise services to residents of California or the United States. *Id.* ¶¶ 4, 6-7, 14, 17. Defendant does not publish videos on websites other than its own website, which "is not an active consumer website." *Id.* ¶ 9. Twenty-nine of the thirty-four alleged infringing videos were never released by Defendant to third-party publishers with a corporate presence in the United States, and most of the videos were produced in a foreign language. *Id.* ¶ 13. The five videos containing English were meant for English-speaking European countries. *Id.* Defendant's only contacts with the United States consist of partnership agreements with the European subsidiaries and affiliates of U.S. based companies, including AOL, YouTube, and Yahoo, but Defendant has no control over these companies' uses of the videos obtained from Defendant pursuant to the partnership agreements. *Id.* ¶¶ 14, 17. As discussed *supra*, Defendant employs a single, short-term

consultant in Los Angeles, California, who conducts research for Defendant regarding new partnership opportunities. *See* Slan Decl. ¶ 3.

Plaintiff contends that the express aiming requirement is nonetheless satisfied because Defendant willfully engaged in infringing activities after receiving notice of the infringement and its impact in California. *See* Opp'n at 9:14-28. "[W]here a defendant knows – as opposed to being able to foresee – that an intentional act will impact another state, the 'expressly aimed' requirement is satisfied." *Washington Shoe Co.*, 704 F.3d at 677 (citing *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F.Supp.2d 1093, 1105-08 (C.D. Cal. 2007) (finding jurisdiction proper when California corporation alleged that New York and Maryland entities willfully infringed its copyright and design patents, even though defendants had no connection to California besides knowing that corporation was located in California)). More specifically, a defendant's "willful infringement of [a forum-resident's] copyright, and its knowledge of both the existence of the copyright and the forum of the copyright holder, is sufficient 'individualized targeting' to establish the 'something more' necessary to satisfy the express aiming requirement."[5] *Id.* at 678-79. Here, however, Plaintiff has not made a prima facie showing of facts supporting the exercise of jurisdiction on this basis. *See Doe*, 248 F.3d at 922 (indicating that a plaintiff "need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss") (citing *Ballard*, 65 F.3d at 1498).

Plaintiff indicates that Defendant's CEO had visited Plaintiff's headquarters in Los Angeles, California to discuss a possible business relationship, *see* Decl. of Cameron Saless ("Saless Decl.") ¶ 5, Docket No. 17-2, which demonstrates that Defendant was aware of Plaintiff's forum. As to Defendant's knowledge of Plaintiff's copyrights, Plaintiff indicates that it notified Defendant of alleged infringement via e-mail, *see id.* ¶¶ 6-7, and provides the chain of e-mails between the parties that generally refer to allegedly infringing content, *see id.* Ex. A. The proffered evidence, however, does not specifically identify any of the allegedly infringing content. Moreover, it is unclear whether Plaintiff had even submitted copyright registration

---

[5] "To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012) (internal quotation marks omitted). A plaintiff may be entitled to additional remedies if copyright violation was willful; "'[t]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights.'" *Wash. Shoe Co.*, 704 F.3d at 674 (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011)).

applications for the content at that time, let alone notified Defendant of the existence of any copyrights. Indeed, Defendant's evidence indicates that Plaintiff never told Defendant that it held copyrights for any specific content before commencing this action, with the exception of notice regarding one video that was thereafter removed. *See* Riemens Reply Decl. ¶ 22, Docket No. 18-1. Under these circumstances, the Court cannot conclude that Defendant expressly aimed its conduct at the forum by willfully infringing Plaintiff's copyrighted content after being notified of Plaintiff's copyrights and forum. Accordingly, the Court should conclude that Plaintiff has failed to present a prima facie case of purposeful direction by Defendant sufficient to survive a motion to dismiss for lack of personal jurisdiction.

## IV. <u>Conclusion</u>

The Court would grant Defendant's Motion to Dismiss for insufficient service of process and lack of personal jurisdiction. Given that the Court cannot exercise personal jurisdiction over Defendant, it need not address Defendant's Motion to Dismiss for failure to state a claim.